### 50688. GEORGE et al. v. ANDERSON et al.

EVANS, Judge.

The father of two minor children killed his wife and was incarcerated in jail. The father entered into a custodial agreement with his sister for the custody and control of said minor children. This contract was provided for in Code § 74-108 (1). As consideration for the agreement the father surrendered his parental rights. The sister removed the children from Clarke County to her home in DeKalb County.

The maternal uncle and aunt filed a petition in the Juvenile Court of DeKalb County against the sister and her husband under Code Ann. §§ 24A-1601, 24A-1602. They alleged deprivation, neglect, abandonment, improper guardianship, and that the father had plead guilty and been sentenced to serve two consecutive life sentences for murdering the mother and maternal grandmother. They also alleged that the children were living with the maternal grandfather and uncle and had been illegally taken from their custody; that the children were familiar with their environment but had been removed to DeKalb County to an environment and with people totally foreign to them and in disregard of their best interest and well-being.

After hearing, the court found the children were deprived and awarded custody to the petitioners as conducive to the best interest of the children. Respondents appeal. *Held:*

1. The new Juvenile Court Code (Code Title 24A; Ga. L. 1971, pp. 709, 765), specifically states that it shall be liberally construed to carry out the functions for which it was created. See Code Ann. § 24A-101.

2. The jurisdiction of that court includes "exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: (1) Concerning any child; . . . (C) who is alleged to be deprived." Code Ann. § 24A-301.

3. In *Sturkie v. Skinner,* 214 Ga. 264, 265 (3) (104 SE2d 417), the Supreme Court affirmed the Juvenile Court of Bibb County (of which former Chief Justice Benning M. Grice, was then Juvenile Judge), holding that a father who had killed the mother was morally unfit and had forfeited his parental rights. While the new Juvenile Code is considerably different from that of 1958, it has virtually the same jurisdiction concerning the rights of children under 17 years of age.

4. Here the father killed the mother and maternal grandmother. He thereby, under the ruling in the *Sturkie* case, lost all parental rights. Thus the court here did not err in holding that the father had no parental rights to award as to custody to his sister, and his contract so to do was therefore invalid. The court did not err in refusing to honor the agreement as to custodial rights in the sister.

5. The mother of the children died as the result of an unfortunate tragedy in which she and the grandmother were killed by the father. The court therefore did not err in holding that the children were deprived children. It is true that the evidence as to the family situation of the petitioners shows the children to be in much better circumstances than many children. The children would not have suffered for want of food, clothing or shelter. Yet the court was authorized to find them to be "deprived" which is defined by Webster as "to take away from." Their mother had been taken away from them by one who sought to exercise the right to contract for their upbringing. The court had jurisdiction to consider the petition, and hear evidence, and enter an order as to their custody and guardianship. See Code Ch. 24A-16.

The judge of juvenile court did not abuse his discretion in awarding custody to the petitioners, to wit, the maternal uncle and aunt. See *Lucas v. Smith,* 201 Ga. 834, 838 (41 SE2d 527).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 13, 1975—
REHEARING DENIED JULY 1, 1975.

*Tom Strickland,* for appellants.
*Eugene Novy,* for appellees.