### 60487. PAINTER v. BARKLEY.

SOGNIER, Judge.

This case involves a petition by appellant Painter to terminate appellee Barkley's parental rights to his son. Appellant is the child's maternal aunt. Appellee was convicted of murder in the death of the child's mother. Appellee is presently incarcerated and serving a life sentence. Appellant has custody of the child and has been appointed temporary guardian of the child. The evidence disclosed that appellee desired to communicate with his son and support him to the best of his ability through his parents. There was no evidence that appellee had ever abused or injured the child.

1. After a hearing on the matter the trial court entered appropriate findings of fact and conclusions of law which included, inter alia: "The child . . . although in present good health and receiving adequate food, clothing and shelter from his maternal Aunt, is 'deprived' in the sense that his mother has been 'taken away' from said child by the murder of said person by the natural father. (See *George v. Anderson,* 135 Ga. App. 273, (217 SE2d 609) citing at page 274) . . . The natural father is in the confines of the Penal System of the State of Georgia, and thus, an unfit person to care for his child in that no prospects of reformation have been presented. (See *Yancey v. Watson,* 217 Ga. 215, (121 SE2d 772) citing at page 218) . . . The juvenile courts of the State of Georgia are given wide discretion once deprivation is found to either terminate the rights of the parent or issue an order under Ga. Code Ann. 24A-2301."

The juvenile court then ordered that " . . . ELIZÁBETH PAINTER is hereby awarded temporary custody of said DOYLE THOMAS BARKLEY, II, for a period of two (2) years . . . with the Court retaining jurisdiction to determine during that two year period and at the end of that two year period the custody of said child." The juvenile court specifically declined to terminate appellee's parental rights. Appellant enumerates this as error.

Appellant relies upon *George v. Anderson,* supra, in arguing that the juvenile court should have terminated appellee's parental rights based on the murder of the minor child's mother. In *George,* this court affirmed a decision of the juvenile court awarding custody of two minor children to a maternal aunt and uncle as opposed to a paternal aunt. The juvenile court adjudicated the children "deprived" as a result of the slaying of their mother by their father. In its discretion, the juvenile court in *George* awarded custody of the children to the maternal aunt, despite the fact that the father had agreed to give his sister custody. We cannot agree with the dicta in Divisions 3 and 4 of *George v. Anderson* wherein the court, relying on *Sturkie v. Skinner,* 214 Ga. 264, 265 (3) (104 SE2d 417) (1958), stated that the father of the children had forfeited his parental rights by virtue of the murder and, therefore, could not award custody to his sister. *Sturkie* simply held that the juvenile court, from all the facts and circumstances in the case, was authorized to find that the father was an unfit person to have custody and control of his child and had therefore forfeited his parental right of custody. *Sturkie* did not decide that a parent *automatically* forfeits his parental rights by his actions.

Code Ann. § 24A-3201 (a) (2) grants the juvenile court the authority to terminate parental rights where it finds that the child is deprived and that the conditions and cause of the deprivation are likely to continue. Although a finding of unfitness is *necessary* in order to terminate parental rights, see *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338 (1980), the juvenile court in its discretion can decide not to do so. Termination of parental rights is a severe measure. *In the Interest of: A. A. G.,* 146 Ga. App. 534 (246 SE2d 739) (1978); *Childers v. Dept. of Family &c. Serv.,* 147 Ga. App. 825, 826 (250 SE2d 564) (1978); *Wynn v. Dept. of Human Resources,* 149 Ga. App. 559, 561 (254 SE2d 883) (1979). The juvenile court here recognized this factor and declined to terminate appellee's parental rights. In the absence of a manifest abuse of discretion, this court will not interfere with the judgment of the trial court. *In re Creech,* 139 Ga. App. 210, 211 (228 SE2d 198) (1976). After a careful review of the record in this case, we find no abuse of discretion.

2. Appellant contends that the trial court erred in failing to

consider evidence regarding the death of the child's mother. However, a certified copy of appellee's conviction of murder was introduced as evidence and considered in the case. Hence, we find no merit to this contention.

3. Appellant also contends that the trial court erred in failing to allow evidence of assaults by appellee on other persons. No documentary evidence of any indictment or conviction of prior assaults was offered, and thus, the evidence offered was hearsay. The trial court was correct in disallowing such hearsay testimony as to other alleged criminal activities of appellee where an indictment or conviction of the alleged crimes would have been the highest and best evidence. *Carroll v. Crawford,* 218 Ga. 635, 638 (129 SE2d 865) (1963).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 9, 1981.

*James R. Osborne,* for appellant.
*Charles A. Thomas, Jr.,* for appellee.