60454. JOHNSON v. JOHNSON.

CARLEY, Judge.

Appellant is the natural father of S. S. J. and R. D. J. who are minors and who, at the time of the institution of this proceeding, lived with appellant in Barrow County. Appellee is the natural mother of the children and at all times relevant to this case has lived in Clarke County, Georgia. Appellant and appellee were formerly husband and wife, the marriage between them having been dissolved by final judgment and decree entered in the Superior Court of Gwinnett County on June 14, 1974. Appellant filed, in the Juvenile Court of Clarke County, a petition seeking the termination of appellee's parental rights as to S. S. J. and R. D. J. Attached to the petition was a written consent by appellee to the termination of her parental rights. Appellee also acknowledged service of the termination petition and

waived process.

Without considering the case on its merits, the juvenile court judge, sua sponte, dismissed the petition on the ground that the children "are not residents of Clarke County, Georgia and have never lived or been found here in Clarke County, Georgia." Asserting that the petition seeking termination of parental rights was correctly brought in the juvenile court of the county in which appellee-mother was a resident, appellant appeals from the order dismissing his petition. It is interesting to note that, in the brief filed on behalf of appellee, the position asserted by appellant is conceded to be a valid statement of the law of this state regarding venue in termination proceedings in juvenile courts. We agree that venue is properly laid in the county of the residence of the party whose parental rights are the subject of the termination proceeding. *Quire v. Clayton County Dept. of Family & Children Services,* 242 Ga. 85 (249 SE2d 538) (1978); *In the Interest of M. A. C.,* 244 Ga. 645 (261 SE2d 590) (1979). The judgment dismissing the petition because of improper venue must be reversed with direction that the Juvenile Court of Clarke County hear and determine the case on its merits.

*Judgment reversed with direction. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 29, 1981.

*W. Michael Strickland,* for appellant.
*Harry N. Gordon, District Attorney, John W. Timmons, Jr.,* for appellee.