## 62720. McCORMICK v. DEPARTMENT OF HUMAN RESOURCES.

SHULMAN, Presiding Judge.

In an order filed April 1, 1981, the Juvenile Court of Gwinnett County terminated appellant's parental rights in her two children. That court concluded that appellant's past actions constituted "profoundly detrimental and egregious misconduct" which showed appellant's parental unfitness and which was likely to continue and had resulted in neglect of the children. Appellant maintains that the trial court's decision is not supported by the evidence and urges reversal of the order terminating her parental rights. We agree with appellant and reverse the trial court's order.

The record in the present case reveals that appellant was married to the children's father from September 1974 to January 1979, during which time she suffered from an emotional problem for which she sought aid. She abused the medication given her and also developed an alcohol problem. In July 1978, appellant went to live with her sister in California in an attempt to get her life in order. At her husband's insistence, she took the then 22-month-old child with her; however, she was unable to care for the baby and the father took the child back. Both children lived with their paternal grandmother for eight months, during which time appellant and her husband were divorced and custody of the children awarded to him. The children resumed living with their father upon his remarriage in March 1979. When his second marriage ended in divorce in February 1980, the father asked the Gwinnett County Department of Family and Children Services ("DFACS") to place the children in foster care. The father subsequently executed a written relinquishment of his parental rights, and the DFACS notified appellant of its intent to sever her parental rights in the two children.

After conducting a termination hearing at which appellant, although not present, was represented by counsel, the trial court made the following observations concerning appellant's 1977-78 behavior: (1) she locked the children in their room for long periods of time during the day; (2) she, on occasion, refused the children's requests for food; and (3) she became intoxicated in the children's presence. The court noted that the children appeared malnourished

during this time and that the younger child had developed a rash due to infrequent diaper changes. We note parenthetically that our review of the record shows that the trial court's finding regarding the malnourishment of the children is completely without support and the witness who testified about appellant's refusal to give the children food testified that appellant did feed them, although not immediately upon their request. The court further determined that appellant had neither supported nor seen the children since March 1979 and that she was presently living with her four-month-old infant in California where she had been receiving public assistance intermittently since October 1978. After making the above findings, the trial court terminated appellant's parental rights under Code Ann. § 24A-3201 (a) (2), concluding that appellant's actions constituted "profoundly detrimental and egregious misconduct" which demonstrated appellant's parental unfitness, had resulted in neglect of the children, and was likely to continue.

There is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship. It must be scrutinized deliberately and exercised most cautiously. When we do this, we make a decision on human frailties and their consequences. It becomes an agonizing undertaking.

1. Code Ann. § 24A-3201 (a) (2) provides for court-ordered termination of parental rights if the child is deprived and the court finds that the causes and conditions of deprivation are likely to continue and that the deprivation caused or is likely to cause serious physical, moral, emotional, or mental harm to the child. Additionally, parental unfitness caused by either intentional or unintentional misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapability to care for the child must be demonstrated before a parent's rights will be completely terminated. *Chancey v. DHR,* 156 Ga. App. 338, 340 (274 SE2d 728). This court's decisions "have taken a stern view in cases of parental termination, sustaining such rendering only where there is evidence of profoundly detrimental and egregious parental *misconduct* underlying the deprivation and probable continued deprivation. [Cits.]" *Shover v. DHR,* 155 Ga. App. 38, 40 (270 SE2d 462).

2. As was the case in *Collins v. Martin,* 154 Ga. App. 250 (267 SE2d 858), there is a dearth of evidence to support the trial court's conclusion that the alleged parental unfitness which caused the deprivation suffered by the children is likely to continue. The only post-1978 evidence of appellant's life-style is contained in the report of a California social worker who visited appellant in her home in January 1981. The report indicated that appellant had a four-month-old child, was sharing a home with another single

mother, and was on public assistance but seeking employment. The social worker noted that appellant treated the infant "in a tender and loving interaction that reflects her real maternal instincts" and there was no report of any evidence of appellant's former drug and alcohol dependence. A later report from DFACS indicated that appellant had found employment and wanted legal custody of the children.

"The trial judge has a great deal of discretion in cases such as this and his judgment will ordinarily not be disturbed. [Cits.] However, the evidence must be enough to show that the deprivation found will be likely to continue and likely to cause serious harm to the child[ren]. We do not find such evidence here. On the contrary, the unrebutted evidence showed that the appellant had changed her life-style and was already providing an adequate home for her [third] child . . . The appellant's conduct, while not exemplary, cannot be said to be so profoundly detrimental or egregious as to permanently terminate her rights to her child[ren]." *Collins v. Martin,* supra, pp. 252-253.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 4, 1982.

*Barbara Conroy, Marian Burge,* for appellant.

*James Henderson, Don A. Langham, First Assistant Attorney General, Carol Atha Cosgrove, Vivian Davidson Egan, Assistant Attorneys General,* for appellee.