63449. PARHAM v. BALDWIN COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES.

BANKE, Judge.

This is an appeal from an order terminating the appellant's parental rights in her three-year-old son.

When the child was born, on March 2, 1978, the appellant was 13

years old. She voluntarily placed the child in foster care two months later, when she was sent to a Youth Development Center for automobile theft. Upon her return from the center some six months later, she agreed with the Department to live in the same foster home with the child and to take various steps to establish her ability to care for him; however, she left that home approximately six weeks later because of a dispute with the foster mother's mother over use of the telephone. Because of this, the Department applied for and obtained temporary custody of the child.

On several occasions between the end of 1978 and October of 1979, the appellant contacted the Department and made arrangements with the agency to visit the child; however, she only kept one or two of these appointments. In October of 1979, a new caseworker was assigned to her case. This caseworker did not learn of the appellant's whereabouts until January of 1980, when the appellant contacted her and asked to visit the child. A visit was scheduled for the following day, but the appellant did not appear. The appellant again called in April of 1980 to explain why she had not come in previously; and on May 20, 1980, she made another request to see the child. Because she stated that she was about to start back to school, the caseworker told her to check her schedule and call back to set up an appointment. The appellant did not call back until March of 1981, at which time the caseworker told her that the temporary custody order would soon expire and asked her to sign over full custody to the Department. The appellant replied that she needed some time to think about it. The next day, the caseworker went to the home where the appellant was thought to be staying but was informed that the appellant had gone to Miami for a couple of weeks. The caseworker left word that it was very important for the appellant to contact her, and a couple of weeks later the appellant called from Miami to say that she wanted the child to remain in the foster home. On June 2, the appellant called again and said that she wanted to give custody to the Department. A month later, after she had been served with the termination petition, the appellant called to arrange a visit with the child. This visit took place the following week, one day before the hearing on the termination petition. At this point, the appellant had not seen her child for almost two years. The caseworker testified that the child did not recognize his mother and would have nothing to do with her. *Held:*

1. The appellant contends that the order is void on its face because it predicates jurisdiction on the child's residence rather than upon her residence.

"A juvenile court is a court of special and limited jurisdiction, and its judgments must show on their face such facts as are necessary

to give it jurisdiction of the person and subject matter. [Cits.] If the order of a juvenile court fails to recite the jurisdictional facts, the judgment is void. [Cits.]" *Williams v. DHR,* 150 Ga. App. 610 (258 SE2d 288) (1979).

The Juvenile Code provides that any proceeding under the Juvenile Court Code "may be commenced in the county in which the child resides." Ga. Code Ann. § 24A-1101 (Ga. L. 1971, pp. 709, 721). This provision is given constitutional sanction by Art. VI, Sec. XIV, Par. VI, of the Georgia Constitution, ratified November 4, 1980, (Code Ann. § 2-4306), which provides, in pertinent part, as follows: "All other civil cases, *except juvenile court cases as may otherwise be provided by the Juvenile Court Code of Georgia,* shall be tried in the county where the defendant resides. . ." (Emphasis supplied.) It follows that the proceeding was properly brought in the county of the child's residence. The appellant's reliance on our holding in *Johnson v. Johnson,* 157 Ga. App. 259 (277 SE2d 59) (1981), to the effect that a termination proceeding must be brought in the county of residence of the party whose parental rights are at issue, is misplaced, as that case was brought prior to the 1980 amendment to the Constitution.

2. The order of termination was supported by the evidence. Code Ann. § 24A-3201 provides, in pertinent part: "(a) The court by order may terminate the rights of a parent with respect to his child if: . . . (2) the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . ." We have held that the type of deprivation contemplated by this statute is limited to that which is attributable to parental unfitness, "caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapability to care for the child." *Chancey v. DHR,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980), citing *Ray v. DHR,* 155 Ga. App. 81, 88 (270 SE2d 303) (1980).

It appears without dispute in this case that the appellant made no significant effort to be with her child from the time it was 1-1/2 years of age until it was more than three years of age. We find this behavior to constitute gross neglect of the child's needs and an active indifference to the child's welfare. The trial court was authorized to consider this a sufficient basis upon which to terminate the appellant's parental rights pursuant to Code Ann. § 24A-3201 (a) (2), supra.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 1, 1982.

*Milton F. Gardner, Jr.,* for appellant.

*George Stembridge, Jr., Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, Carol A. Cosgrove, Vivian D. Egan, Mark H. Cohen, Assistant Attorneys General,* for appellee.