66709. HENDRIX v. BYERS BUILDING SUPPLY, INC.

QUILLIAN, Presiding Judge.

Byers Building Supply, Inc., brought an action in the state court of Glynn County against Joseph Hendrix. In its claim plaintiff sought to recover sums owed it by Hendrix-Shepard, Inc., on the theory that the defendant executed a contract of personal guaranty whereby the defendant would pay any debts owed to the plaintiff, but not paid by Hendrix-Shepard. It was alleged that credit had been extended to Hendrix-Shepard by the plaintiff based on this guaranty; that Hendrix-Shepard was indebted to the plaintiff in the amount of $4,646.20 plus accumulated interest; that demand by certified mail had been made upon defendant for payment of the sum owed but he had refused to pay.

The defendant's answer denied the material averments of the complaint and set out that all sums owed by Hendrix-Shepard had been paid in full and that plaintiff had been advised that certain items charged by defendant's son-in-law were purchased not for Hendrix-Shepard but solely for the son-in-law's separate account.

The case came on for trial before a jury. However, at the close of the evidence the trial judge directed a verdict for the plaintiff. From the subsequent judgment defendant appeals to this court. *Held:*

1. The defendant contends it was error to direct a verdict for the plaintiff.

During the course of the trial it was brought out that David Shepard, acting as agent for Hendrix-Shepard, had charged items to the Hendrix-Shepard account. Apparently relying on this fact plus the principle of law that where all persons who have dealt with another as agent for a principal have a right to assume the agent's

authority to deal with them on behalf of his principal continues until notice, express or implied, is conveyed to them that the agency has been revoked (*Bacon v. Dannenberg Co.,* 24 Ga. App. 540 (2) (101 SE 699)), the trial judge found the evidence demanded a verdict for the plaintiff.

However, there is in the transcript other evidence which must be considered. On cross-examination, Ward, the president and owner of the plaintiff, responded in the affirmative to the question: "At least as early as May 25, 1981 there had been some indication then in writing, had there not, to the corporation that David Shepard was doing business as Twin 'S' rather than as Hendrix-Shepard?" He also indicated that it was very possible that David Shepard could have told him as early as May 1981 that he was charging to the account for Twin "S" Construction. Moreover, David Shepard testified that Hendrix-Shepard went "inactive" in late 1980, and thereafter he started a new construction business in the name of "Twin S Construction" which was a partnership between him and J. C. Spell. In May of 1981 he had personal discussions with Ward in which he explained that Hendrix-Shepard was "idle," that he and Spell were partners of "Twin S Construction" and wanted to open an account for "Twin S." Shepard further testified that Ward told him there would be no problem — he would take care of it.

Shepard stated that bills continued to be sent to Hendrix-Shepard; that he had several conversations with Ward in an endeavor to straighten things out; that he was assured by Ward "that everything was okay." He testified that the bills were given to him and he paid them; that on some he marked through the name "Hendrix-Shepard."

While recognizing the general rule as to the continuance of an agency relationship we find there was some evidence for a jury to determine whether the plaintiff was notified as to the change, therefore whether the debt was owed by Hendrix-Shepard or by Shepard or "Twin S Construction."

At the trial an issue was raised as to whether "Twin S" was a legal entity capable of being sued. The code appears to provide that it is. See OCGA §§ 14-8-70 (Code Ann. § 75-312) and 14-8-71 (Code Ann. § 110-309). But regardless of this, OCGA § 10-6-89 (Code Ann. § 4-410) provides that where one purports to be the agent of a non-existing principal, a party who is misled thereby shall have a right of action against the purported agent individually. Thus, whether "Twin S" was an existing entity or not would only affect the rights of the plaintiff as against Shepard and would not serve as a matter of law to make Shepard the agent of Hendrix-Shepard.

It was error to direct a verdict for the plaintiff.

2. During the course of the trial the defendant's witness Shepard attempted to testify as to a conversation with Leon Usher who, it was contended, was an agent of the plaintiff. This testimony was excluded and is the basis of defendant's remaining enumeration of error.

OCGA § 24-3-33 (Code Ann. § 38-406) provides: "Admissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal." The trial judge did not permit the plaintiff to make proffer of the testimony he intended to elicit. Hence, we cannot tell whether there was an admission and whether it was in pursuance of his agency.

While it is a well settled rule that in order to preserve a ground of objection relating to the exclusion of oral testimony it is necessary for the complaining party to show what he expects to prove and that the evidence is material, relevant and beneficial (*Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712)), it is equally true that where an offer of proof is necessary it is error for the trial judge to deny counsel an opportunity to state what he proposes to prove by the evidence offered. *Stephen W. Brown &c. Assoc. v. Gowers,* 157 Ga. App. 770, 781 (6) (278 SE2d 653).

It was error not to allow counsel to complete the record.
*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1983.

*Robert P. Killian,* for appellant.
*Joseph H. Ferrier,* for appellee.