### 67127. JONES et al. v. DEPARTMENT OF HUMAN RESOURCES.

BANKE, Judge.

This is an appeal from an order terminating the appellants' parental rights in their 4-year-old son.

Both parents have severe mental dysfunctions, the father having suffered a brain injury in adolescence and the mother having been diagnosed a chronic schizophrenic. Because of these conditions, they have been unable to care for the child during various periods of his life. The department first obtained legal custody of the child following the mother's arrest at a convenience store during a psychotic episode in January of 1982. At this time, the child was diagnosed as developmentally retarded in his ability to speak and control his bodily functions; however, he progressed rapidly when placed in foster care.

At the hearing on the termination petition, the social worker in charge of the child's case disclosed that if the petition were granted, the department intended to place the child with an uncle and aunt for adoption, thereby allowing him to remain in contact with his parents while enjoying a stable home life. This witness further disclosed to the court that when the petition was filed, the uncle's family had not been considered as a "resource," the department's intention having instead been to place the child for adoption through the State Adoption Exchange. Upon hearing this, the court asked whether a transfer of temporary custody would fulfill the child's needs, and the witness replied that the department preferred the child be adopted.

The court then engaged in the following exchange with the witness: "Q. Have you ever considered whether something short of termination of parental rights with more than a 2-year grant of custody such as guardianship might be appropriate? A. The main problem is the mother's determination to have the child with her to the extent of calling the police reporting the relatives as kidnapping him—things like that. Q. But now there was never a court order. Was there? A. No. . . . Q. So if she wanted her child back she was legally entitled to have her child back. A. Yes."

Despite the department's disclosure that it intended to place the child with the uncle and aunt, the court stated in its findings of fact that "there are no known adult relatives or other persons related to [the child] who are able to provide parenting for said child." *Held:*

1. While there is no question that the appellants love their son and sincerely wish to provide him with adequate care, it is also clear that they suffer from serious and incapacitating mental disorders which render them unable to do so for any sustained period of time. The 954 pages of testimony, exhibits, and depositions which comprise the transcript in this case provide clear and convincing evidence of deprivation on the part of the child, as well as clear and convincing evidence of incapacity amounting to unfitness on the part of the appellants. It follows that the evidence was sufficient to authorize termination of the appellants' parental rights. See generally *Chancey v. DHR,* 156 Ga. App. 338 (274 SE2d 728) (1980); *Parham v. Baldwin County DFCS,* 161 Ga. App. 436 (2) (288 SE2d 354) (1982); *In re H. L. T.,* 164 Ga. App. 517 (298 SE2d 33) (1982).

There are other factors in this case, however, which cast doubt on whether a complete severance of parental rights is an appropriate remedy. In the first place, such a disposition appears to be inconsistent with the department's announced intention to place the child with the uncle and aunt so as to enable the appellants to remain in contact with him. Indeed, when pressed for a reason why the department insisted that the child be adopted by these relatives, rather than seeking a mere transfer of temporary custody to them, the department's spokesperson was unable to offer one. We further note that the trial court's finding of fact to the effect that no known adult relatives are available to care for the child is inconsistent with the department's announced intention in this regard.

"There is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship. It must be scrutinized deliberately and exercised most cautiously." *McCormick v. DHR,* 161 Ga. App. 163, 164 (288 SE2d 120) (1982). In view of the above noted factors, the trial court's order is vacated and the case is remanded for reconsideration. In the event

the trial court determines upon reconsideration of the evidence that the child's needs may adequately be met by a transfer of temporary custody to some individual or agency, as opposed to complete severance of all parental rights, we note that such a disposition is expressly authorized by OCGA § 15-11-51 (b) (Code Ann. § 24A-3201).

2. The trial court did not err in allowing the appellants' pastor and his wife, to whom the mother had voluntarily given physical custody of the child for a 2-month period in 1981, to testify as to their observations of the child's condition and the appellants' conduct with respect to him. The court properly overruled the appellants' objection that such testimony violated the privilege regarding communications with clergymen, set forth in OCGA § 24-9-22 (Code Ann. § 38-419.1), as there was no showing that any of the communications or observations at issue arose either from spiritual counseling or from a profession of religious faith within the meaning of the statute. Cf. *Ga. Int'l Life Ins. Co. v. Boney,* 139 Ga. App. 575, 579 (228 SE2d 731) (1976), dealing with the scope of the marital privilege.

3. The trial court did not err in failing to declare the statutory definition of "deprived child" contained in OCGA § 15-11-2 (8) (former Code Ann. § 24A-401 (h)) unconstitutional on the ground of vagueness. See *In re Suggs,* 249 Ga. 365 (1) (291 SE2d 233) (1982).

4. The appellants' remaining enumeration of error, dealing with the trial court's admission of a hypothetical opinion on the part of one of the department's caseworkers, establishes no ground for reversal.

*Judgment vacated and case remanded with direction. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1983 —
REHEARING DENIED NOVEMBER 18, 1983.

*A. Harris Adams,* for appellants.

*H. Perry Michael, Carol Atha Cosgrove, Senior Assistant Attorneys General, David C. Will, Assistant Attorney General, Robert J. Grayson,* for appellee.