69532. IN THE INTEREST OF P. F. J.
(329 SE2d 194)

SOGNIER, Judge.

Appellants, the parents of five-year-old P. F. J., appeal from the order of the Juvenile Court for Cobb County terminating their rights in the child.

This is the second appearance of this case before our court. See *Jones v. Dept. of Human Resources*, 168 Ga. App. 915 (310 SE2d 753) (1983). In our earlier opinion we found that there was "clear and convincing evidence of deprivation on the part of the child, as well as clear and convincing evidence of incapacity amounting to unfitness on the part of the appellants. It follows that the evidence was sufficient to authorize termination of the appellants' parental rights. [Cits.]" Id. at 916. However, we vacated the trial court's order and remanded the

case solely to allow the trial court to more fully consider whether "the child's needs may adequately be met by a transfer of temporary custody to some individual or agency, as opposed to complete severance of all parental rights" pursuant to OCGA § 15-11-51 (b). Id. at 917. The trial court, upon reconsideration of the disposition of the child and a hearing on the issue, determined that the needs of P. F. J. would not be adequately met by a transfer of his temporary custody to some individual or agency, and therefore reiterated its order severing appellants' parental rights.

1. We find that there is clear and convincing evidence that appellants' problems have not changed since the time of the first hearing and evidence of these problems, combined with evidence of continuing unfitness submitted to the trial court during the hearing after remittitur, was sufficient to authorize termination of appellants' parental rights in P. F. J. *Jones*, supra at 916 (1) and cases cited therein. Appellants' enumerations three through six are controlled adversely to appellants by this court's opinion in *Jones*, supra at 917 (2-4).

2. Appellants contend that the trial court misread our opinion in *Jones*, supra, and erred by failing to apply a "clear and convincing" evidence standard to its consideration of the alternate dispositions available for P. F. J. We held in *Jones*, supra, as we hold here in Division 1, that the clear and convincing evidence of appellants' unfitness and the child's deprivation was sufficient to authorize the most severe method of disposition, complete termination of appellants' parental rights. It is thus unnecessary for us to address the question raised in appellants' remaining enumerations of error of what degree of evidence is required when lesser dispositions are under consideration. While we refuse to graft upon the law a "clear and convincing" evidence standard for lesser alternative dispositions, our earlier remand of this case indicates this court's opinion that in situations of this nature, a thorough investigation of all such possible alternatives is expected before recourse to complete termination of parental rights is sought.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 20, 1985 —

A. Harris Adams, James D. Hogan, Jr., for appellant.

Robert J. Grayson, R. Barie Laux, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Patricia Downing, Senior

*Attorney*, for appellee.