A90A1723. IN THE INTEREST OF B. R. S., a child.

(402 SE2d 281)

CARLEY, Judge.

Based upon an allegation that appellant-mother's child was deprived, appellee-Georgia Department of Human Resources sought the termination of her parental rights pursuant to OCGA § 15-11-81 (b) (4). The trial court conducted a hearing, found that the child was deprived, and terminated appellant's parental rights. Appellant appeals from the termination order.

1. " 'The juvenile court's termination of appellant's parental rights must be based upon clear and convincing evidence which supports the following findings: "(i) The child is a deprived child . . .; (ii) The lack of proper parental care or control by [appellant] is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child." OCGA § 15-11-81 (b) (4) (A). If clear and convincing evidence of these elements exists, the juvenile court must then have given consideration to the best interests of the child before it ordered the termination of appellant's parental rights. See OCGA § 15-11-81 (a). . . . ' "On review of such a decision (terminating parental rights), the standard is whether[,] after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parents' rights to custody have been lost. (Cit.)" [Cit.]' [Cit.]" *In the Interest of K. P. E.*, 196 Ga. App. 759, 760 (397 SE2d 39) (1990).

B. R. S. is the second of appellant's three children. The evidence shows that he was discovered by police in a filthy motel room with appellant's third husband. The child, who was not quite two years old at the time, was without clothes, was crying profusely, and exhibited multiple bruises and cigarette burns on his body. Appellant's husband pled guilty to a charge of cruelty to children. Appellant pled guilty to charges of simple battery and reckless conduct. Appellant urges that it was her husband, and not she, who was responsible for the deprivation of the child and that, therefore, there is no clear and convincing evidence to support the juvenile court's finding of her lack of proper parental care or control pursuant to § 15-11-81 (b) (4) (A) (ii). However, the record clearly shows that appellant "did nothing to protect her children from the physical and emotional abuse to which her husband subjected them, although she knew he was prone to violence and had harmed her and them in the past." *In the Interest of Y. P.,* 188 Ga. App. 554, 555 (373 SE2d 657) (1988). See also *In re D. C.,* 176 Ga. App. 30 (335 SE2d 148) (1985). "[P]arental unfitness supporting a termination of parental rights can be caused ' " ' *either* by intentional or *unintentional* misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapacity to care for the child.' " ' [Cit.]" (Emphasis supplied.) *In the Interest of E. P. N.,* 193 Ga. App. 742, 748 (2c) (388 SE2d 903) (1989).

2. A ground of objection to the juvenile court's consideration of certain evidence which was not raised below is waived and will not be considered on appeal. See *In the Interest of J. L. Y.,* 184 Ga. App. 254, 258 (3) (361 SE2d 246) (1987); *In the Interest of D. S.,* 176 Ga. App. 482, 485 (2) (336 SE2d 358) (1985); *Brown v. Dept. of Human Resources,* 157 Ga. App. 106 (1) (276 SE2d 155) (1981).

3. Appellant urges that it was error to terminate her parental rights without her first having been provided an opportunity to rehabilitate herself.

Appellant has cited no authority for the proposition that the opportunity for rehabilitation is a prerequisite to the termination of her parental rights. In full compliance with applicable statutory requirements of OCGA § 15-11-81 (b) (4) (A) (iii), the juvenile court found that the deprivation of the child resulting from appellant's parental unfitness is likely to continue or will not likely be remedied, and there is sufficient clear and convincing evidence to support the findings in this regard. See *In re A. N.Y.,* 181 Ga. App. 499 (353 SE2d 8) (1987); *In the Interest of J. I. H.,* 191 Ga. App. 848, 850 (3) (383 SE2d 349) (1989). " 'In a case such as this, a plea of additional time to improve is without force to overcome the proof of unrelieved detriment already suffered by the child where there is no indication but the promise to suggest hope of improvement. [Cits.]' [Cit.]" *In the Interest of B. L.,* 196 Ga. App. 807, 810 (3) (397 SE2d 156) (1990). See also *In*

*the Interest of E. P. N.,* supra at 747 (2b, c).

4. *After* the termination of parental rights, the juvenile court "shall first attempt to place the child with the child's extended family or with a person related to the child by blood or marriage." OCGA § 15-11-90 (a) (1). However, there is no comparable statutory provision which mandates that, *prior* to the termination of parental rights and as a *prerequisite* thereto, the juvenile court must make a similar attempt. See *In the Interest of P. F. J.,* 174 Ga. App. 47, 48 (2) (329 SE2d 194) (1985). As noted, there is clear and convincing evidence to authorize the juvenile court's findings that appellant was responsible for the deprivation of the child and that her parental unfitness is likely to continue or is not likely to be remedied. Compare *In the Interest of K. E. B.,* 190 Ga. App. 121 (378 SE2d 171) (1989). There is nothing in the record which otherwise casts doubt on the determination that a complete severance of appellant's parental rights was appropriate. Compare *Jones v. Dept. of Human Resources,* 168 Ga. App. 915, 916 (310 SE2d 753) (1983).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 17, 1991 —
REHEARING DENIED FEBRUARY 13, 1991.

*Constance M. Boughan,* for appellant.
Lisa Pledger, *pro se.*
*Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Margot M. Cairnes, Edwards, Friedewald & Grayson, Robert J. Grayson,* for appellee.