A92A2039. IN THE INTEREST OF M. C. A. B., a child.
(427 SE2d 824)

JOHNSON, Judge.

The parental rights of the mother and father of M. C. A. B. were terminated by a juvenile court order. The father appeals from that order; the mother does not appeal. The father contends that only the mother caused the child's deprivation and therefore there was insufficient evidence to support the court's findings under OCGA § 15-11-81 (b) (4) that lack of proper parental care or control by him is the cause of the child's status as deprived and that such cause of deprivation is likely to continue or will not likely be remedied.

"[T]his court must construe the evidence most strongly to support a verdict and judgment, and every presumption and inference must be in favor thereof. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met. The appropriate standard of appellate review is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost." (Citations and punctuation omitted.) *In the Interest of J. R.*, 202 Ga. App. 418, 419 (414 SE2d 540) (1992). The evidence in the instant case, construed most strongly to support the judgment, shows that the mother is mentally retarded and the father is borderline mentally retarded. Their daughter, M. C. A. B., was placed with the Department of Family & Children Services (DFCS) as an emergency measure at the age of six months after the death of her twin sister in the parents' home. The sister had been deceased for approximately 13 hours before authorities were notified of the death. Thereafter, the juvenile court found M. C. A. B. to be deprived and granted temporary custody of her to DFCS. Approximately nine months later, the court returned custody of M. C. A. B. to the parents

because they had obtained a residence, completed parenting skills classes, were in counseling and were employed. During the next six months, however, DFCS received nine complaints from various people regarding alleged physical and emotional abuse of M. C. A. B. by the mother. The father was informed of all the allegations against the mother and told a DFCS caseworker about prior instances of abuse by the mother, including an attempt to smother the child with a pillow.

DFCS informed the father that it intended to seek legal custody of M. C. A. B. to prevent the mother from fleeing with or further abusing the child. Two days later, DFCS discovered that the father had violated a court order by moving his family out of their apartment without leaving a forwarding address. The family was located ten months later living in dirty and crowded conditions in Florida. The father testified that he fled to Florida with the child and the mother to prevent DFCS from taking the child away from him. He also described an incident of physical abuse in Florida, during which the mother violently shook the child in a bathtub. While in Florida, the mother threatened to kill herself and the child. The father and mother are now divorced, but have maintained some contact with each other. The father testified that if given custody of M. C. A. B., he would allow the mother to have supervised visitation with the child.

Reviewing this evidence in the light most favorable to the appellee, we conclude that a rational trier of fact could have found by clear and convincing evidence that the father's lack of proper parental care and control has caused the child's status as deprived and that this lack of care is likely to continue or not be remedied. The evidence shows that the father did not protect the child from the physical and emotional abuse of the mother even though he knew she was prone to violence and had harmed the child in the past. "Parental unfitness supporting a termination of parental rights can be caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child or by what is tantamount to physical or mental incapacity to care for the child." (Citations, punctuation and emphasis omitted.) *In the Interest of B. R. S.*, 198 Ga. App. 561, 562 (1) (402 SE2d 281) (1991); see also *In the Interest of B. H.*, 190 Ga. App. 131, 132 (1) (378 SE2d 175) (1989); *In re D. C. & J. T. C.*, 176 Ga. App. 30 (335 SE2d 148) (1985). "A termination hearing seeks as a major concern the welfare of the child, with due regard for the rights of the parents. In determining the balance of the interests of the children against parental rights, the juvenile court is vested with broad discretion which will not be controlled on appeal in the absence of manifest abuse, where the ruling is supported by clear and convincing evidence." (Citations and punctuation omitted.) *In the Interest of J. R.*, supra at 424. Under the circumstances of the instant case, the juve-

nile court's decision to terminate the father's parental rights was not a manifest abuse of discretion and therefore will not be disturbed by this court.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 10, 1993.

*Joseph C. Iannazzone*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney, Cheeley & Chandler, Joseph E. Cheeley III, Melodie L. Snell*, for appellee.