A97A0364. IN THE INTEREST OF R. A., a child.
(486 SE2d 363)

McMURRAY, Presiding Judge.

The Cobb County Department of Family & Children Services petitioned the Juvenile Court of Cobb County to terminate the parental rights of B. A., the natural mother, in the minor female, R. A., alleging that the child had been abandoned by the biological father whose identity and whereabouts are unknown; that temporary legal custody to R. A. was already in the Department; and that B. A. was unable to care for the child because B. A. was incarcerated in the Cobb County jail "on arrest for possession of cocaine and intent to solicit prostitution." The evidence, viewed to uphold the juvenile

court's determination, reveals that R. A. was born "August 9th, 1994." Margaret Bakalini, the last caseworker assigned to this case, confirmed that she had never done a home visit or a home study of R. A., and further confirmed that a prior caseworker, who did make a home visit, "did [not] recommend that [R. A.] be taken immediately out of that environment . . . [because] she actually found that [B. A.] was providing a stable home and residence for [R. A.]." At the time the Department took temporary custody of R. A., the child bore no "markings of any form of abuse [and appeared to be] well fed and nourished." During B. A.'s incarceration, "she kept in contact with [Margaret Bakalini by writing to her] a couple of times." B. A. "was accepted into a [drug treatment] program, [but] child care was an issue . . . [and B. A.] quit that program."

The Department had no certified copies of any of B. A.'s previous prostitution convictions in New York State (alleged to be as many as 30). After her release, B. A. "plan[ned] on getting a job and saving money to get a two-bedroom apartment, and also, on [her] days off, looking for family counseling. . . ." During her present incarceration, B. A. was "working on [her] G.E.D. [She was] trying to get [her] high school diploma [to] get a good paying job." While in jail, she was learning the trade "in custodial maintenance." B. A. further testified that now "is the first time [she had] ever had support in [her] life," including help from the paternal grandmother of B. A.'s two older children.

Victoria Scott, a retired social worker from the Atlanta University School of Social Work, became "very interest[ed] in trying to help her [B. A.] accomplish some of the things that she wants to accomplish." Scott "know[s] just about every resource there is in Atlanta and the surrounding areas because [she] taught students who are now working in the Cobb County area. [Scott offered to] call on [her] former students[, as well as] people that [she had] worked with. . . ." Scott believed that "[B. A.] can get to the point where she can take care of her children." Scott acknowledged that what "she [B. A.] has not been able to do in the past is to make a plan and execute it. People have made plans for her, but they have not helped her execute that plan, and that is the kind of supervision that she [B. A.] needs." Scott had arranged for B. A. and her children to enter Cascade House, a transitional facility, upon B. A.'s release. There, B. A. would be monitored frequently and undergo drug counseling.

The juvenile court terminated the parental rights of the biological father of R. A., but declined to terminate the parental rights of B. A. in R. A., concluding the Department had not presented sufficient evidence to warrant termination since B. A. "presented witnesses who are prepared to assist her on her release, and has for the first time, a support system available on her release. She [B. A.] ade-

quately provided for said child prior to her recent incarceration and has [a plan for her care of the child] after . . . release."

Through her guardian ad litem, the minor R. A. appeals from the judgment of the juvenile court. *Held*:

In her sole enumeration of error, the minor R. A. contends the juvenile court abused its discretion by failing to terminate B. A.'s parental rights to the child R. A., arguing the sufficiency of the evidence.

" 'There is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship.' [Cit.]" *Jones v. Dept. of Human Resources*, 168 Ga. App. 915, 916 (1) (310 SE2d 753). "The primary consideration in a proceeding to terminate parental rights is the welfare of the child. [Cits.] In determining how the interest of the child is best served, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. [Cit.]" *In re Creech*, 139 Ga. App. 210, 211 (3) (228 SE2d 198). " ' "The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review is not met." (Cit.)' " *In the Interest of L. F.*, 203 Ga. App. 522, 523 (417 SE2d 344).

" '(E)vidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in [her] natural child; clear and convincing evidence of *present* unfitness is required.' *Blackburn v. Blackburn*, [249 Ga. 689, 692 (292 SE2d 821)]; *Wright v. Hanson*, 248 Ga. 523 (2) (283 SE2d 882) (1981)." (Emphasis in original.) *In re J. C. P.*, 167 Ga. App. 572, 574 (307 SE2d 1). Imprisonment alone does not automatically authorize a termination of parental rights premised upon parental unfitness; there must be circumstances in aggravation. *In the Interest of L. F.*, 203 Ga. App. 522, supra; *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (405 SE2d 903); *In the Interest of H. L. T.*, 164 Ga. App. 517, 519 (298 SE2d 33). In the case sub judice, the juvenile court as the trier of fact was authorized to conclude, based upon the conflicting evidence introduced and the absence of certain competent evidence, that the Department failed to prove by clear and convincing evidence that R. A. is deprived due to parental unfitness or that such deprivation is likely to continue, to the detriment of the child. OCGA § 15-11-81 (b) (4). "We find no abuse of discretion under the circumstances of this case." *In re Creech*, 139 Ga. App. 210, 211 (3), supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED APRIL 3, 1997.

 Before Judge Grubbs.

*Childs & Knight, James K. Knight, Jr.*, for appellant.

*Sanders B. Deen, William E. Brewer, Rhonda M. Breaux*, for appellee.