A98A0957. IN THE INTEREST OF C. G., a child.
(508 SE2d 246)

Judge Harold R. Banke.

M. G., the natural mother of three-year-old C. G., appeals a juvenile court order terminating her parental rights. She contends the trial court erred by finding the cause of C. G.'s deprivation was likely to continue or not be remedied.

The juvenile court based its decision to terminate M. G.'s parental rights primarily upon its findings that she was unable to care for the child because she had a mental disability which rendered her unable to function as an independent adult. The juvenile court concluded M. G. could not and would not meet the goals of the reunification plan and she would never function as an independent adult or care for her child or herself because of a mental disability that rendered her unable to function with awareness and ability. The juvenile court found that M. G. had physically, mentally, and emotionally

neglected C. G., had no meaningful contact with him, and had not complied with the plan for reunification with C. G. The court concluded that M. G.'s mental disability rendered her unable to function as an adult on a day-to-day basis. *Held*:

The standard of review is whether, after viewing the evidence in a light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights should have been lost. *In the Interest of J. H.*, 210 Ga. App. 255, 258 (1) (435 SE2d 753) (1993). This Court defers to the trial court's factfinding and will affirm unless the appellate standard is not met. *In the Interest of R. N.*, 224 Ga. App. 202 (480 SE2d 243) (1997). Because the termination of parental rights has a final, ultimate, and significant result, that judgment "must conclusively show compliance with the statutory criteria prescribed as a condition precedent. . . ." *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 182 (2) (259 SE2d 181) (1979). Here, the record does not contain the requisite finding.

Although the failure to comply with the reunification plan and to contact and support C. G. otherwise might support the termination of parental rights, the testimony and the juvenile court's order demonstrate that the crux of this case is the mother's mental condition and that the other factors arose from that condition. Therefore, as there is no dispute that M. G. has some sort of mental disability, at issue is whether the State established by clear and convincing evidence that M. G.'s mental deficiency, the cause of C. G.'s deprivation, was likely to continue or not be remedied. See OCGA § 15-11-81 (b) (4) (A) (iii).

Notwithstanding the juvenile court's finding that M. G.'s mental disorder precluded her from caring for her child or herself, no diagnosis or prognosis for her mental disorder appears in the record. The testimony showed M. G. received Supplemental Security Income ("SSI") benefits from Social Security for her mental disorder. M. G. testified that she lived in a trailer with her sister, who received the SSI check as her representative, and that her own mother, who lived nearby, acted as the responsible adult in her life. M. G.'s testimony showed some confusion and disorientation about the details of her life. Notwithstanding the evidence of M. G.'s dependency on others, no evidence was introduced which proved to a high degree of probability that M. G.'s mental disability necessarily would continue or would not be remedied. The State failed to introduce evidence showing the criteria for awarding SSI benefits, and it introduced no evidence to show that SSI benefits were awarded only for permanent or long lasting disabilities.

The fact that the record contains no evidence identifying the nature of M. G.'s mental condition or its expected duration totally undermines the State's case. *White Missionary Baptist Church v.*

*Trustees of First Baptist Church &c.*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997) (hearsay has no evidentiary value). The State's failure to offer any medical or psychological testimony or reports notwithstanding OCGA § 15-11-87's authorization of physical or mental evaluations of parents involved in these proceedings precludes satisfaction of the requisite clear and convincing evidence standard. OCGA § 15-11-81 (b) (4) (A) (iii). *Clarke v. Cotton*, 263 Ga. 861 (440 SE2d 165) (1994). Because continuation of the disability is a required finding under OCGA § 15-11-81 (b) (4) (A) (iii), the termination of the mother's parental rights regarding C. G. cannot stand under the evidence in this record.

This ruling, however, does not mean that the mother is entitled to regain custody of C. G. because the record supports the juvenile court's conclusion that M. G. is currently unable to provide proper care and support for her son. Upon remand, if the State introduces clear and convincing evidence showing that such deprivation is likely to continue to the detriment of the child, then the juvenile court would be authorized to terminate the parental rights of M. G. *In the Interest of K. J.*, 226 Ga. App. 303, 309 (2) (486 SE2d 899) (1997); *In the Interest of R. A.*, 226 Ga. App. 18, 20 (486 SE2d 363) (1997); *In the Interest of A. S. M.*, 214 Ga. App. 668, 672 (1) (448 SE2d 703) (1994).

*Judgment reversed and case remanded with direction. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 29, 1998.

*Thomas J. Killeen*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Garcia & Powell, Tony D. Coy, Nadine D. Bailey*, for appellee.