A01A0358. IN THE INTEREST OF A. W. et al., children.
(547 SE2d 797)

JOHNSON, Presiding Judge.

The juvenile court terminated the parental rights of the mother of A. W. and B. W. The mother appeals from the termination order. She asserts that the court erred in terminating her parental rights because there is insufficient evidence of her present parental inability or misconduct. We agree that there is insufficient evidence and therefore reverse the judgment of the juvenile court.

In July 1997, the Department of Family & Children Services (DFCS) removed two-and-a-half-year-old A. W. and five-month-old B. W. from their mother's home. The home was infested by fleas, pet feces was found on the house floor, A. W. had head lice and had been rushed to the emergency room after ingesting the drug ephedrine, B. W. had a severe diaper rash, the children were underfed, and the mother had left the children home alone. The juvenile court found that the children were deprived and awarded temporary custody of the children to DFCS. The children were eventually placed with their aunt and uncle, with whom they still live.

A plan to reunite the mother with the children was implemented. It required the mother to maintain a clean and stable home, to address her emotional needs, and to obtain her high school equivalency degree.

In June 1998, the mother stipulated that the temporary placement of the children should be extended. And in July 1999, the mother stipulated that the children were still deprived, so another temporary placement order and reunification plan were entered.

Thereafter, DFCS filed its petition to terminate the mother's parental rights on the grounds that she has failed to comply with the reunification plan and that she suffers from a mental health deficiency which renders her unable to provide for the children. After a hearing, the court granted the petition, terminating the mother's parental rights to A. W. and B. W.

No judicial determination is more drastic than that of severing

the relationship between a parent and a child.[1] A court must make such a determination cautiously and only after deliberate scrutiny.[2] A court therefore may terminate parental rights only if there is clear and convincing evidence of parental inability or misconduct.[3]

In the instant case, there is no question of the mother's past parental misconduct and inability as shown by the facts supporting the initial finding of deprivation in 1997. But the juvenile court erred in finding that DFCS had met its burden of proving by clear and convincing evidence the specific allegations which form the basis of the petition to terminate parental rights, namely, the mother's noncompliance with the reunification plan and her medically verifiable mental health deficiency.

There is no clear and convincing evidence to support DFCS' claim that the mother failed to comply with the reunification plan. It is undisputed that the mother obtained her GED as required by the reunification plan. Furthermore, even though she moved several times after DFCS took custody of the children, at the time of the termination hearing she had lived in her current three-bedroom home for approximately a year and five months with her husband, whom she had married in 1998.

While DFCS workers claimed that the home was messy, pictures introduced at the hearing show a clean home, and there is no evidence of the filth that was present in the mother's home when the children were removed in 1997. The mother and her husband have a small but stable income. She receives a monthly Social Security disability check of $512, and the husband works regularly at a restaurant and periodically earns money working on movie sets. Contrary to the arguments of DFCS, this evidence shows the mother has complied with the reunification plan by maintaining a stable home for more than a year. It cannot be said that there is clear and convincing evidence that she has failed in this regard.

As for the mother's mental health problems, she was previously diagnosed with bipolar disorder, was prescribed medications, had stopped taking the medication, and failed to go to the mental health board for treatment from August 1998 until February 2000. But when she did meet with mental health professionals in 2000, prior to the termination hearing, the mental health professionals found that her bipolar disorder was in remission and recommended that she not continue on any medications. While DFCS questions these recent diagnoses, it has not come forth with sufficient credible evidence to allow us to disregard them. Given the record before us, we cannot say

---

[1] *In the Interest of R. A.*, 226 Ga. App. 18, 20 (486 SE2d 363) (1997).
[2] *In the Interest of K. M.*, 240 Ga. App. 677, 679-680 (523 SE2d 640) (1999).
[3] OCGA § 15-11-94 (a).

that there is clear and convincing evidence that the mother has a mental health deficiency that renders her an unfit parent who has lost all parental rights.

Because there is not clear and convincing evidence of present parental inability or misconduct as alleged in the termination petition, the juvenile court erred in taking the drastic step of terminating the parental rights of the mother.[4] That order of termination must therefore be reversed.[5]

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED APRIL 18, 2001.

*Teresa G. Bowen,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Michael D. DeVane,* for appellee.

