A05A2205. IN THE INTEREST OF M. H. W. et al., children.
(626 SE2d 515)

MILLER, Judge.

A juvenile court terminated the parental rights of the mother and both putative fathers as to the children M. H. W., M. A. S. W., and R. M. W. Only the mother appeals the juvenile court's order, contending that the State did not show by clear and convincing evidence that the termination was warranted. We find no error and therefore affirm.

A juvenile court's termination of parental rights is a two-step process:

The first step requires a finding of parental misconduct or inability, which requires clear and convincing evidence that: (1) the child is deprived; (2) lack of proper parental care or control is the cause of the deprivation; (3) such cause of deprivation is likely to continue; and (4) the continued

deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child. If these four factors are satisfied, the court must then determine whether termination of parental rights is in the child's best interest, considering physical, mental, emotional, and moral condition and needs, including the need for a secure and stable home.

(Footnotes omitted.) *In the Interest of T. F.*, 250 Ga. App. 96, 97-98 (1) (550 SE2d 473) (2001). See OCGA § 15-11-94 (a), (b) (4) (A) (i)-(iv). "On appeal from a termination order, this Court views the evidence in the light most favorable to the appellee and determines whether any rational trier of fact could have found by clear and convincing evidence that the biological parent's rights to custody have been lost." (Footnote omitted.) *In the Interest of F. C.*, 248 Ga. App. 675 (549 SE2d 125) (2001).

1. *Parental Misconduct or Inability.* Construing the evidence in the light most favorable to the juvenile court's findings, we address each of the relevant factors in turn.

(a) *Deprivation.* In July 2003, the juvenile court found that the children were deprived as a result of, among other things, the mother being without a home for herself or the children, the mother being unemployed, the mother's untreated mental health problems, and the mother's drug abuse, and ordered that the children be placed in the temporary legal custody of the Fulton County Department of Human Resources (the "Department"). Since this order was not appealed, the mother was bound by its findings of fact for purposes of the termination hearing. See *In the Interest of R. G.*, 249 Ga. App. 91, 93 (1) (a) (547 SE2d 729) (2001).

(b) *Lack of Parental Care or Control.* The court order determining that the children were deprived also found that they were "without proper parental care or control, subsistence, education as required by law, or other care or control necessary for [the] children's physical, mental or emotional health or morals." The mother was also bound by this finding for purposes of the termination hearing. *In the Interest of R. G.*, supra, 249 Ga. App. at 93 (1) (a).

The evidence also reveals that between the July 2003 deprivation finding and the April 2005 termination hearing, the mother failed to achieve many of the goals set out in her reunification plan. Specifically, the mother dropped out of her two drug treatment programs, failed to complete parenting classes, failed to obtain stable housing and employment, failed to pay child support, and failed to visit the children on a consistent basis.

After the mother began to visit the children in January 2005, M. H. W. developed behavioral problems, stopped caring about school,

and began to urinate on himself frequently. M. A. S. W. and R. M. W. began treatment for behavioral problems. All of the children had bonded with their foster parents, who intended to adopt all three of them. A caseworker testified that the children tended to misbehave when they were in an impermanent situation, and that they would be harmed by a lack of permanence.

Based on this evidence, a rational trier of fact could have found clear and convincing evidence that the mother's lack of proper parental care or control caused these children to be deprived. See OCGA § 15-11-94 (b) (4) (C) (i)-(iii).

(c) *Lack of Care or Control Likely to Continue.* Evidence of past conduct may be considered in determining whether the deprivation is likely to continue if the children are returned to the parent. See *In the Interest of A. A.*, 252 Ga. App. 167, 172 (2) (c) (555 SE2d 827) (2001). From well before the deprivation hearing until the termination hearing, there was sufficient evidence to authorize the juvenile court's finding that the lack of proper parental care or control was likely to continue. Even though there was evidence that the mother was trying to get control of her drug habit, such effort is not conclusive of parental fitness in light of her history of neglect, including her relapse into drug abuse, her failure to complete two drug treatment programs, her failure to maintain stable employment, and her failure to obtain her own home, all of which were stated goals of the reunification plan. See *In the Interest of A. G.*, 253 Ga. App. 88, 90-91 (1) (c) (558 SE2d 62) (2001).

(d) *Serious Harm to the Child.* Although the mother tried to visit the children on a monthly basis in 2005, a caseworker testified that one of the children developed behavioral problems after these visits and that the other two began receiving treatment for behavioral problems at around the same time. The caseworker further testified as to the harm that the children would suffer if they remained in an impermanent situation such as foster care. The juvenile court was authorized to find from this evidence that continued deprivation of the kind already found was likely to cause serious physical, mental, emotional, or moral harm to the children. See, e.g., *In the Interest of A. M. L.*, 242 Ga. App. 121, 124 (1) (d) (527 SE2d 614) (2000) (child's behavioral problems would be exacerbated by further contact with parent).

On the record before us, we conclude that the juvenile court could have found clear and convincing evidence of parental misconduct or inability.

2. *Best Interest of the Child.* When clear and convincing evidence exists of parental misconduct or inability, the juvenile court then considers whether termination of parental rights is in the best interest of the child, in light of the physical, mental, emotional, and

moral condition and needs of the child, including the need for a secure and stable home. OCGA § 15-11-94 (a). The same evidence showing parental misconduct or inability may, and here does, establish that the children's best interests required the termination of the parents' rights. See *In the Interest of J. B. A.*, 230 Ga. App. 181, 185 (2) (495 SE2d 636) (1998). Specifically, there was evidence that the children showed signs of behavioral problems after the mother's visits, and that they were bonded with foster parents who were willing to care for them indefinitely. Thus there was no abuse of discretion when the juvenile court found that the children's best interests would be served by placing them with the Department. See *In the Interest of Z. B.*, 252 Ga. App. 335, 339 (2) (556 SE2d 234) (2001). Since a rational trier of fact could have found clear and convincing evidence of the mother's misconduct or inability, and that termination of parental rights was in the best interests of all three children, the juvenile court did not err in terminating the mother's rights as to those children.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 10, 2006 —
RECONSIDERATION DENIED JANUARY 23, 2006.

*Nathan A. Hayes*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Charissa A. Ruel, Assistant Attorneys General, Robert E. Hall*, for appellee.