A06A1079. IN THE INTEREST OF T. C. D., a child.
(636 SE2d 704)

MILLER, Judge.

A juvenile court terminated the parental rights of the mother and father of T. C. D. Only the mother appeals the juvenile court's order, contending that the court should have allowed her to withdraw her consent to the termination of her parental rights because she changed her mind about wanting her parental rights to be terminated.[1] We find no error and therefore affirm.

OCGA § 15-11-94 (b) (1) provides that a juvenile court "may terminate the parental rights of a parent with respect to the parent's child if . . . [t]he written consent of the parent, acknowledged before the court, has been given." Here, the mother acknowledged, in a sworn written statement and in open court, that she voluntarily consented to the termination of her parental rights to T. C. D. She further stated, under oath, that she had "consulted with [her] attorney and [had] been advised of all rights and consequences relating to [her] consent to termination."

Nevertheless, over a month after having consented to the termination, the mother filed a "Withdrawal of Voluntary Surrender of Parental Rights and Motion for Trial On Termination of Parental Rights." The motion, by its very title, acknowledged that the prior consent to termination was voluntary, and provided no factual or legal basis for the juvenile court to allow the withdrawal of the prior consent.

On appeal, the mother requests that this Court construe OCGA § 15-11-94 (b) (1) to allow for an automatic grace period within which a parent may withdraw his or her voluntary consent to the termination of parental rights. We need not reach this issue, however, as the record does not show that this argument was raised and ruled upon at the trial court level. See *In the Interest of A. A.,* 274 Ga. App. 791,

---

[1] Significantly, the mother does not dispute that clear and convincing evidence exists to justify the termination of her parental rights. In any event, we note that ample evidence of the mother's history of drug and alcohol abuse, abandoning T. C. D., incarceration, instability, and the unappealed deprivation order would support a finding of parental misconduct or inability and a finding that termination of the mother's parental rights was in T. C. D.'s best interest. See generally *In the Interest of M. H. W.,* 277 Ga. App. 318 (626 SE2d 515) (2006).

797 (3) (618 SE2d 723) (2005). Issues not raised below will be deemed waived on appeal. *In the Interest of B. A. S.*, 254 Ga. App. 430, 434 (563 SE2d 141) (2002).

Moreover, even if the mother's argument had been properly raised, it would still be without merit. There is no grace period written into OCGA § 15-11-94 (b) (1) that would allow a parent to voluntarily consent to the termination of his or her parental rights, and then withdraw such voluntary consent over one month later. See id. Nor is this Court authorized to invent statutory language that would authorize such a grace period where none exists in the statute as written. See *U. S. Life Credit Corp. v. Johnson*, 161 Ga. App. 864, 865 (1) (290 SE2d 280) (1982) ("This court cannot add language to a statute by judicial decree.") (citation omitted). If the legislature intended for a grace period to exist in the statute, it could have expressly provided one. See, e.g., OCGA § 19-8-9 (b) (expressly allowing ten-day grace period to withdraw consent to surrender of parental rights in adoption proceedings).

We therefore affirm the trial court's order terminating the mother's parental rights.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 12, 2006.

*Browns & Price, Douglas L. Price, Cassandra M. Ford*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Virginia B. Fuller, Assistant Attorney General, Kelli C. Rutherford*, for appellee.