662 S.E.2d 739 (2008)
In the Interest of A.P., et al., children.
No. A08A0372.
Court of Appeals of Georgia.
May 13, 2008.
Reconsideration Denied May 28, 2008.
Russel D. Moore IV, Conyers, for appellant.
*740 Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Kathryn A. Fox, Assistant Attorney General, John J. Martin, Jr., Conyers, for appellee.
MILLER, Judge.
The mother of A.P., T.P., and M.P., minor children, appeals from orders of the Rockdale County Juvenile Court terminating her parental rights as to A.P. and T.P. and permanently depriving her of custody of M.P. She asserts the trial court erred in (i) appointing a single individual to serve as both the attorney and the guardian ad litem for A.P. and T.P.; and (ii) allowing her to waive her right to counsel at the initial deprivation proceedings. Discerning no error, we affirm.
"This appeal presents [questions] of law, which we review de novo. [Cit.]" Burdett v. State, 285 Ga.App. 571, 646 S.E.2d 748 (2007).
So viewed, the record shows that the Rockdale County Department of Family and Children Services (the "Department") filed a deprivation petition as to all three children on August 5, 2005. At that time, M.P., A.P., and T.P. were thirteen, eleven, and six years of age, respectively.
At a hearing on August 31, 2005, the mother, after being advised of her right to counsel, agreed to proceed pro se. Based on the mother's stipulation that the Department's evidence would be sufficient to prove the allegations contained in the deprivation petition, the juvenile court entered a deprivation order, but allowed the mother to retain custody of the children. On October 10, 2005, the mother voluntarily surrendered custody of the children to the Department. The Department thereafter filed a second deprivation petition, and the juvenile court again found the children to be deprived. The Department then developed a reunification plan, which was approved by the juvenile court.
After the mother stipulated to an order extending the Department's custody of the children, the juvenile court appointed an attorney for the mother and appointed Michael B. Nation to serve as the attorney for all three children. The juvenile court subsequently appointed Mr. Nation to serve simultaneously as the guardian ad litem for the children and appointed a separate guardian ad litem for the mother.
On March 30, 2007, the Department filed a motion seeking to end reunification services as to M.P. and the mother, and to approve an alternate permanency plan for M.P. Three days later, the Department filed a motion seeking to terminate the mother's parental rights as to both A.P. and T.P. Following a hearing on both motions, the juvenile court granted the same and entered orders terminating the mother's parental rights as to both A.P. and T.P. and permanently depriving her of custody of M.P. This appeal followed.
1. The mother first asserts as error the trial court's appointment of the same person to serve as the children's attorney and the children's guardian ad litem. Specifically, the mother claims that this dual appointment was inappropriate because the roles had an inherent conflict of interest. This alleged problem resulted from the attorney's obligation to advocate for the children's expressed desire to be returned to their mother, which conflicted with the requirement that the guardian ad litem advocate in the best interests of the children. We find no merit to this argument.
As a threshold matter, we note that such a dual appointment has been expressly approved by the legislature. OCGA § 15-11-98(a) provides that:
In any proceeding for terminating parental rights or any rehearing or appeal thereon, the court shall appoint an attorney to represent the child as the child's counsel and may appoint a separate guardian ad litem or a guardian ad litem who may be the same person as the child's counsel.

(Emphasis supplied.)
Contrary to the mother's assertions, such a dual appointment is possible precisely because it involves no conflict of interest. As this Court has recognized, the fundamental duty of both a guardian ad litem and an attorney is to act in the best interests of the party whom they represent. See In the Interest ofA.M.A., 270 Ga.App. 769, 773-774(2), *741 607 S.E.2d 916 (2004). See also Paul v. Smith, Gambrell & Russell, 267 Ga.App. 107, 110, 599 S.E.2d 206 (2004). ("A lawyer should always act in a manner consistent with the best interests of his client.") (Citation and punctuation omitted.)
Moreover, the mother's argument represents an implicit admission that being returned to her was not in the best interest of the children. Thus, even had a separate attorney been appointed to represent the expressed desires of the children, the juvenile court, by law, would nevertheless have been obligated to terminate the mother's parental rights. See In the Interest of J.A.S., 287 Ga.App. 125, 130, 650 S.E.2d 788 (2007).
2. The mother next asserts that the juvenile court erred in allowing her to waive her right to counsel at the initial deprivation hearings. This claim, however, was not raised by the mother's counsel in any of the subsequent proceedings before the juvenile court, including the hearing on the motions for termination and non-reunification. We are therefore precluded from considering this argument on appeal. See In the Interest of T.C.D., 281 Ga.App. 517, 518, 636 S.E.2d 704 (2006) ("Issues not raised below will be deemed waived on appeal. [Cit.]").
Even if the mother's argument was properly raised, however, she still could not prevail. The mother was represented by counsel at the termination and nonreunification hearing, at which time she failed to challenge any of the findings of fact or conclusions of law previously entered by the juvenile court. In light of the foregoing, the mother has failed to demonstrate prejudice suffered as a result of appearing pro se at the initial deprivation hearings. See In the Interest of J.A.S., supra, 287 Ga.App. at 126, 650 S.E.2d 788 (A parent's lack of legal representation in deprivation or termination proceedings "constitutes grounds for reversal only where the parent can show [s]he suffered harmi.e., how [s]he would have been successful had [s]he been represented by counsel.") (citation and punctuation omitted.)
For the reasons set forth above, we affirm the orders of the juvenile court terminating the mother's parental rights as to A.P. and T.P. and permanently depriving her of custody of M.P.
Judgment affirmed.
BLACKBURN, P.J., and ELLINGTON, J., concur.