In the Supreme Court of Georgia

Decided: April 16, 2018

S17U0553. In re FORMAL ADVISORY OPINION NO. 16-2.

Per Curiam.

In January 2012, this Court approved Formal Advisory Opinion 10-2, which clarified the ethical responsibilities of an attorney serving as both legal counsel and guardian ad litem to a child in a case involving the termination of parental rights. FAO 10-2 interprets and discusses various provisions of the Georgia Rules of Professional Conduct, including Rule 1.14; however, that rule was amended around the same time that FAO 10-2 was approved, and the Formal Advisory Opinion Board determined that the amendment to Rule 1.14 substantively altered the analysis and conclusion of FAO 10-2.

On June 14, 2016, the Board issued Formal Advisory Opinion 16-2, which redrafts FAO 10-2 and interprets the amended Georgia Rules of Professional Conduct to address the same issue. FAO 16-2 was filed in this Court on November 10, 2016, see State Bar Rule 4-403 (d), and, on January 18, 2017, we granted the State Bar of Georgia's petition for discretionary review, see id.

After considering the record and the State Bar's brief, we hereby retract Formal Advisory Opinion No. 10-2 and approve Formal Advisory Opinion No. 16-2, which is attached to this opinion as an appendix.[1]

Formal Advisory Opinion 16-2 approved.  All the Justices concur.

---

[1] FAO 16-2 eliminates language concerning the specific areas of continued confidentiality following the attorney's withdrawal. Instead, FAO 16-2 simply directs the attorney to "consider Rule 1.6 before disclosing any confidential client information." The Court notes that in addition to the proposed FAO's directive to consider Rule 1.6, the attorney should also consider all applicable law, including Rule 1.14(c).





FILED IN OFFICE
NOV 1 0 2016
CLERK OF SUPREME
COURT OF GEORGIA

**STATE BAR OF GOERGIA**
**ISSUED BY THE FORMAL ADVISORY OPINION BOARD**
**PURSUANT TO RULE 4-403 ON JUNE 14, 2016**
**FORMAL ADVISORY OPINION NO. 16-2**

---

## QUESTION PRESENTED:

May an attorney who has been appointed to serve both as legal counsel and as guardian ad litem for a child in a termination of parental rights case advocate termination over the child's objection?

## SUMMARY ANSWER:

When it becomes clear that there is an irreconcilable conflict between the child's wishes and the attorney's considered opinion of the child's best interests, the attorney must withdraw from his or her role as the child's guardian ad litem.

## OPINION:

Relevant Rules

This question squarely implicates several of Georgia's Rules of Professional Conduct, particularly, Rule 1.14. Rule 1.14, dealing with an attorney's ethical duties towards a child or other client with diminished capacity, provides that "the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client." Comment 1 to Rule 1.14 goes on to note that "children as young as five or six years of age, and certainly those of ten or twelve, are regarded as having opinions that are entitled to weight in legal proceedings concerning their custody."[1]

This question also involves Rule 1.2, Scope of Representation, and Rule 1.7, governing conflicts of interest.[2] Comment 2 to Rule 1.7 indicates that "[l]oyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other competing responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client."[3]

This situation also implicates Rule 3.7, the lawyer as a witness, to the extent that the guardian ad litem must testify and may need to advise the court of the conflict between the child's expressed wishes and what he deems the best interests of the child. Finally, Rule 1.6, Confidentiality of Information, may also be violated if the attorney presents the disagreement to the Court.

Statutory Background

Georgia law requires the appointment of an attorney for a child as the child's counsel in a termination of parental rights proceeding.[4] The statute also provides that the court shall additionally appoint a guardian ad litem for the child, and that the child's counsel is eligible to serve as the guardian ad litem unless there is a conflict of interest between the lawyer's duty as an attorney for the child and the lawyer's "considered opinion" of the child's best interest as the guardian ad litem.[5] In addition to the child's statutory right to counsel, a child in a termination of parental rights proceedings also has a federal constitutional right to counsel.[6]

In Georgia, a guardian ad litem's role is "to protect the interests of the child and to investigate and present evidence to the court on the child's behalf."[7] The best interests of the child standard is paramount in considering changes or termination of parental custody. *See, e.g.,* Scott v. Scott, 276 Ga. 372, 377 (2003) ("[t]he paramount concern in any change of custody must be the best interests and welfare of the minor child"). The Georgia Court of Appeals held in In re A.P. based on the facts of that case that the attorney-guardian ad litem dual representation provided for under O.C.G.A. § 15-11-98(a) (the predecessor to O.C.G.A. § 15-11-262(d)) does not result in an inherent conflict of interest, given that "the fundamental duty of both a guardian ad litem and an attorney is to act in the best interests of the [child]."[8]

This advisory opinion is necessarily limited to the ethical obligations of an attorney once a conflict of interest in the representation has *already arisen*. Therefore, we need not address whether or not the dual representation provided for under O.C.G.A. § 15-11-262(d) results in an inherent conflict of interest.[9]

Discussion

The child's attorney's first responsibility is to his or her client.[10] Rule 1.2 makes clear that an attorney in a normal attorney-client relationship is bound to defer to a client's wishes regarding the ultimate objectives of the representation.[11] Rule 1.14 requires the attorney to maintain, "as far as reasonably possible . . . a normal client-lawyer relationship with the [child]."[12] An attorney who "reasonably believes that the client cannot adequately act in the client's own interest" may seek the appointment of a guardian or take other protective action.[13] Importantly, the Rule does not simply direct the attorney to act in the client's best interests, as determined solely by the attorney. At the point that the attorney concludes that the child's wishes and best interests are in conflict, the attorney must petition the court for removal as the child's guardian ad litem. The attorney must consider Rule 1.6 before disclosing any confidential client information other than that there is a conflict which requires such removal. If the conflict between the attorney's view of the child's best interests and the child's view of his or her own interests is severe, the attorney may seek to withdraw entirely under Rule 1.16(b)(3).[14]

The attorney may not withdraw as the child's counsel and then seek appointment as the child's guardian ad litem, as the child would then be a former client to whom the former attorney/guardian ad litem would owe a continuing duty of confidentiality.[15]

This conclusion is in accord with many other states.[16] For instance, Ohio permits an attorney to be appointed both as a child's counsel and as the child's guardian ad litem.[17] Ohio ethics rules prohibit continued service in the dual roles when there is a conflict between the attorney's determination of best interests and the child's express wishes.[18] Court rules and applicable statutes require the court to appoint another person as guardian ad litem for the child.[19] An attorney who perceives a conflict between his role as counsel and as guardian ad litem is expressly instructed to notify the court of the conflict and seek withdrawal as guardian ad litem.[20] This solution (withdrawal from the guardian ad litem role once it conflicts with the role as counsel) is in accord with an attorney's duty to the client.[21]

Connecticut's Bar Association provided similar advice to its attorneys, and Connecticut's legislature subsequently codified that position into law.[22] Similarly, in Massachusetts, an attorney representing a child must represent the child's expressed preferences, assuming that the child is reasonably able to make "an adequately considered decision . . . even if the attorney

believes the child's position to be unwise or not in the child's best interest."[23] Even if a child is unable to make an adequately considered decision, the attorney still has the duty to represent the child's expressed preferences unless doing so would "place the child at risk of substantial harm."[24] In New Jersey, a court-appointed attorney needs to be "a zealous advocate for the wishes of the client . . . unless the decisions are patently absurd or pose an undue risk of harm."[25] New Jersey's Supreme Court was skeptical that an attorney's duty of advocacy could be successfully reconciled with concern for the client's best interests.[26]

In contrast, other states have developed a "hybrid" model for attorneys in child custody cases serving simultaneously as counsel for the child and as their guardian ad litem.[27] This "hybrid" approach "necessitates a modified application of the Rules of Professional Conduct."[28] That is, the states following the hybrid model, acknowledge the "'hybrid' nature of the role of attorney/guardian ad litem which necessitates a modified application of the Rules of Professional Conduct," excusing strict adherence to those rules.[29] The attorney under this approach is bound by the client's best interests, not the client's expressed interests.[30] The attorney must present the child's wishes and the reasons the attorney disagrees to the court.[31]

Although acknowledging that this approach has practical benefits, we conclude that strict adherence to the Rules of Professional Conduct is the sounder approach.

Conclusion

At the point that the attorney concludes that the child's wishes and best interests are in conflict, the attorney must petition the court for removal as the child's guardian ad litem and must consider Rule 1.6 before disclosing any confidential client information other than that there is a conflict which requires such removal. If the conflict between the attorney's view of the child's best interests and the child's view of his or her own interests is severe, the attorney may seek to withdraw entirely following Rule 1.16(b)(3).

---

1. Georgia Rules of Professional Conduct, Rule 1.14, Comment 1.

2. Georgia Rules of Professional Conduct, Rules 1.2, 1.7.

3. Georgia Rules of Professional Conduct, Rule 1.7, Comment 4.

4. O.C.G.A. § 15-11-262(b) ("The court shall appoint an attorney for a child in a termination of parental rights proceeding. The appointment shall be made as soon as practicable to ensure adequate representation of such child and, in any event, before the first court hearing that may substantially affect the interests of such child").

5. O.C.G.A. § 15-11-262(d) ("The court shall appoint a guardian ad litem for a child in a termination proceeding; provided, however, that such guardian ad litem may be the same person as the child's attorney unless or until there is a conflict of interest between the attorney's duty to such child as such child's attorney and the attorney's considered opinion of such child's best interests as guardian ad litem").

6. <u>Kenny A. v. Perdue</u>, 356 F. Supp. 2d 1353, 1359-61 (N.D. Ga. 2005), *rev'd on other grounds*, 2010 WL 1558980 (U.S. Apr. 21, 2010).

7. See Padilla v. Melendez, 228 Ga. App. 460, 462 (1997).

8. In re A.P., 291 Ga. App. 690, 691 (2008).

9. See, e.g., Wis. Ethics Op. E-89-13 (finding no inherent conflict of interest with the dual representation of an attorney and guardian but concluding that if a conflict does arise based on specific facts, the attorney's ethical responsibility is to resign as the guardian).

10. Georgia Rules of Professional Conduct, Rule 1.2.

11. Georgia Rules of Professional Conduct, Rule 1.2, Comment 1.

12. Georgia Rules of Professional Conduct, Rule 1.14.

13. Id.

14. Rule 1.16 (b)(3) of the Georgia Rules of Professional Conduct provides that a lawyer may seek to withdraw if "the client insists upon pusuing an objective that the lawyer considers repugnant or imprudent."

15. See Rule 1.6(e) of the Georgia Rules of Professional Conduct.

16. See, e.g., Wis. Ethics Op. E-89-13, Conflicts of Interests; Guardians (1989) (providing that dual representation as counsel and guardian ad litem is permitted until conflict between the roles occurs, and then the attorney must petition the court for a new guardian ad litem); Ariz. Ethics Op. 86-13, Juvenile Proceedings; Guardians (1986) (providing that a "lawyer may serve as counsel and guardian ad litem for a minor child in a dependency proceeding so long as there is no conflict between the child's wishes and the best interests of the child").

17. Ohio Board of Comm'rs. on Griev. and Discipline, Op. 2006-5, 2006 WL 2000108, at*1 (2006).

18. Id. at *2.

19. Id.

20. Id., quoting In re Baby Girl Baxter, 17 Ohio St. 3d 229, 479 N.E.2d 257 (1985) (superseded by statute on other grounds).

21. Id. See also Baxter, 17 Ohio St. 3d at 232 ("[w]hen an attorney is appointed to represent a person and is also appointed guardian ad litem for that person, his first and highest duty is to zealously represent his client within the bounds of the law and to champion his client's cause").

22. See Conn. Bar Ass'n Comm. on Prof. Ethics, CT Eth. Op. 94-29, 1994 WL 780846, at *3 (1994); In re Tayquon, 821 A.2d 796, 803-04 (Conn. App. 2003) (discussing revisions to Conn. Gen. Stat. § 46b-129a).

23. See Mass Comm. For Public Counsel Servs., Performance Standards, Standard 1.6(b), at 8-10, available at http://www.publiccounsel.net/private_counsel_manual/private_counsel_manual_pdf/chapters/chapter_4_sections/civil/trial_panel_standards.pdf; See also In re Georgette, 785 N.E.2d 356, 368 (Mass. 2003).

24. Mass Comm. For Public Counsel Servs., Performance Standards, Standard 1.6(d) at 11.

25. In re Mason, 701 A.2d 979, 982 (N.J. Super. Ct. Ch. Div. 1997) (internal citations omitted).

26. See In re M.R., 638 A.2d 1274, 1285 (N.J. 1994).

27. See Clark v. Alexander, 953 P.2d 145, 153-54 (Wyo. 1998); In re Marriage of Rolfe, 216 Mont. 39, 51-53, 699 P.2d 79, 86-87 (Mont. 1985); In re Christina W., 639 S.E.2d at 777 (requiring the guardian to give the child's opinions consideration "where the child has demonstrated an adequate level of competency [but] there is no requirement that the child's wishes govern."); see also Veazey v. Veazey, 560 P.2d 382, 390 (Alaska 1977) ("[I]t is equally plain that the guardian is not required to advocate whatever placement might seem preferable to a client of tender years.") (superseded by statute on other grounds); Alaska Bar Assn Ethics Committee Op. 85-4 (November 8, 1985)(concluding that duty of confidentiality is modified in order to effectuate the child's best interests); Utah State Bar Ethics Advisory Opinion Committee Op. No. 07-02 (June 7, 2007) (noting that Utah statute requires a guardian ad litem to notify the Court if the minor's wishes differ from the attorney's determination of best interests).

28. Clark, 953 P.2d at 153.

29. Id.

30. Id.

31. Id. at 153-54; Rolfe, 699 P.2d at 87.